[Cite as *State v. Johnson*, 2017-Ohio-7515.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27452 |
| | : | |
| v. | : | Trial Court Case No. 16TRD8507 |
| | : | |
| FRANK JOHNSON | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of September, 2017.

. . . . . . . . . . .

TROY DANIELS, Atty. Reg. No. 0084957, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

CARLA MARAGANO, Atty. Reg. No. 0090163, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Frank Johnson appeals from his conviction and sentence in Dayton Municipal Court following a no-contest plea to driving while under an OVI suspension.[1]

{¶ 2} In his sole assignment of error, Johnson contends the trial court erred in overruling a suppression motion he filed prior to his plea.

{¶ 3} The only witness at the suppression hearing was Dayton police officer Gary Roesser. He testified that he observed Johnson commit a traffic violation while driving on September 2, 2016. Specifically, Roesser saw Johnson's vehicle approaching a stop sign at the intersection of Delphos and Oakridge in Dayton. There was no marked stop line at the intersection. Nor was there a crosswalk. Roesser testified that Johnson drove into the intersection to the point where "he was almost a car length past the stop sign." (Tr. at 8). Roesser estimated that Johnson's vehicle was two to three feet into the intersection. (*Id.*). The officer was unsure whether Johnson actually made a complete stop. In any event, he testified: "I know that he clearly went past the stop sign, into the intersection before he did come to a stop, if he did." (*Id.* at 10). On cross examination, Roesser agreed with defense counsel that the reason for the traffic stop was Johnson's act of "stopping past the stop sign." (*Id.* at 12).

{¶ 4} We have reviewed State's Exhibit # 1, the cruiser cam video of the traffic stop. Although this was introduced as an exhibit, and it is evident that at least the part containing the traffic violation itself was played during the hearing, the court did not make specific reference to the video in its decision overruling the motion to suppress. We note,

---

[1] Although Johnson also faced other charges, the trial court's docket indicates that they were withdrawn.

however, after reviewing the entire video, that upon stopping Johnson, Officer Roesser said "you have to stop before the stop sign," and later, "you've got to stop in front of the stop sign." These are incorrect statements of the applicable law. We do not know whether the trial court reviewed these portions of the video. Nonetheless, based on our analysis below, the trial court did not err in overruling the motion to suppress.

{¶ 5} Johnson argued below that stopping *past*, rather than *at*, the stop sign did not violate the applicable ordinance, Dayton Revised Code of General Ordinances (R.C.G.O.) section 71.44(A). The trial court overruled the suppression motion, reasoning:

> * * * Evidence obtained from a stop for what officers thought was a traffic offense need not be suppressed if the officer's mistake of law was reasonable, *State v. Greer, 114 Ohio App.3d 299, 305, 683 N.E.2d 82 (2nd Dist.1996), State v. Perkins, 2nd Sist. (sic) No. 2011-CA-24, 2012-Ohio-2544, in 6.*
>
> Based upon the officer's testimony, he believed that a traffic offense had occurred and his belief was reasonable. Therefore the officer was justified in stopping the defendant's vehicle for what he believed was a traffic offense.

(Doc. #10).[2]

{¶ 6} On appeal, Johnson argues that he did not violate R.C.G.O. section 71.44(A) by stopping past the stop sign and that Roesser made an objectively *unreasonable*

---

[2] *See also Heien v. North Carolina,* __U.S.__, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014)*,* where the Court held that an officer's mistake of law in stopping a vehicle with one functioning brake light, when the state vehicle code requires only one working brake light, was a reasonable mistake that did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures.

mistake of law by concluding otherwise. Johnson contends this is so because the ordinance clearly and unambiguously does not prohibit stopping past a stop sign when there is no marked stop line or crosswalk.

{¶ 7} Upon review, we find Johnson's assignment of error to be unpersuasive. R.C.G.O. section 71.44(A), which is identical to R.C. 4511.43(A), provides:

> Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, *or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. * * *.*

(Emphasis added).

{¶ 8} The foregoing language obligated Johnson to stop "at the point nearest the intersecting roadway" where he had a view of approaching traffic "before entering" the intersection. As set forth above, Roesser testified that Johnson stopped two or three feet into the intersection. (Tr. at 8). The trial court stated in its factual findings that Roesser testified that Johnson stopped "a foot or two in the intersection." (Doc. #10). On these facts, Johnson violated the ordinance by failing to stop "before entering" the intersection. Roesser's agreement with defense counsel that the reason for the traffic stop was Johnson's act of "stopping past the stop sign" was a mistaken understanding of the law. Notably, however, Johnson not only went *past* the stop sign but also entered *into* the intersection, a fact the officer also pointed out in his testimony. Therefore, Johnson's driving was not only contrary to what Roesser reasonably but mistakenly thought was the

law, it was contrary to what the law actually is. Under either circumstance, Roesser had reasonable suspicion—indeed, probable cause—of a traffic violation to justify a traffic stop. That being so, the trial court properly overruled the suppression motion.

{¶ 9} Johnson's assignment of error is overruled, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Troy Daniels
Carla Maragano
Hon. Mia Wortham Spells